United States District Court
Southern District of Texas
**ENTERED**
November 25, 2025
Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ASHTON LAMAR BELL, | § | |
| # 439239, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-3357 |
| | § | |
| CONSTABLE REYNOSA, *et al.*, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER STAYING CASE

Plaintiff Ashton Lamar Bell, a detainee in the Montgomery County Jail, proceeds *pro se* and *in forma pauperis* in this civil rights action. After reviewing all of the pleadings as required by the Prisoner Litigation Reform Act (PLRA), the Court concludes that this case should be **STAYED** and **ADMINISTRATIVELY CLOSED** for the reasons that follow.

## I.     BACKGROUND

According to the Montgomery County Jail's public online records, Bell was arrested on February 10, 2025, and is charged with a drug offense in Case No. 25-02-02124. *See* Montgomery County Jail Roster, available at https://jailroster.mctx.org/ (last visited Nov. 20, 2025). The Montgomery County District Clerk's online records for Case No. 25-02-02124 reflect that Bell pleaded guilty to the charges against him on October 9, 2025 and was sentenced to 15 years in the Texas Department of Criminal Justice. *See* District Clerk Court     Records     Inquiry,     Montgomery     County,     available     at

http://odyssey.mctx.org/unsecured/default.aspx (last visited Nov. 20, 2025). The records do not reflect whether Bell waived his right to appeal.

Bell claims in this lawsuit that Constable Reynosa and Constable Loucks, both K9 officers with the Montgomery County Constable, violated his civil rights in connection with his detention and arrest on February 10, 2025. He alleges that at approximately 11:00 a.m., while he was walking on the shoulder of I-45 in Conroe, Constable Loucks stopped him and stated that his location and behavior were suspicious; that Bell consented to a body search which yielded nothing illegal; and that Bell's parents came to pick him up. He further states that, at approximately 12 noon, Constable Reynosa pulled over the vehicle in which Bell and his parents were traveling and stated that Bell's father had failed to signal a lane change. He claims that Constable Loucks then took Bell's bag out of the vehicle and threw it on the ground, "jerked the dog back" when it failed to alert to the bag, and ultimately "made [the dog] alert to drugs in [his] bag" (Dkt. 1, at 4-5).

Bell alleges that the two defendants violated his Fourth and Fourteenth Amendment rights. As relief for his claims, he seeks $500,000 in damages to cover lost wages, student loan payments, and other expenses (*id.* at 6).

## II.    THE PLRA AND PRO SE PLEADINGS

Because the plaintiff is a prisoner proceeding *in forma pauperis* and seeks redress from a governmental entity, the Court is required by the PLRA to dismiss the complaint at any time if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). A district

court may dismiss a claim as frivolous if it lacks any arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). A claim lacks an arguable basis in law "if it is based on an indisputably meritless legal theory." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). It lacks an arguable basis in fact "if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.* (cleaned up).

A dismissal for failure to state a claim is governed by the same standard as that for a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002). Under this standard, the Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556

3 / 6

U.S. at 678.  Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory.  *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005).

## III.  <u>DISCUSSION</u>

Bell brings his claims under 42 U.S.C.§ 1983, which provides a vehicle for a claim against a person acting under color of state law for a constitutional violation.  *Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016).  His allegations pertain to his detention and arrest on February 10, 2025, which is related to Case No. 25-02-02124, the criminal case in which he recently pleaded guilty.

The Supreme Court has held that a civil rights claim under 42 U.S.C. § 1983 that bears a relationship to a conviction or sentence is not cognizable unless the conviction or sentence has been invalidated.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  To recover damages based on allegations of "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a civil rights plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254."  *Id.* at 487.  If a judgment in favor of a civil rights plaintiff "would necessarily imply the invalidity of his conviction or sentence," then the complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Id.*

Public court records do not reflect that Bell's conviction or sentence in in Case No. 25-02-02124 has been invalidated or otherwise set aside. To the contrary, he recently pleaded guilty and was sentenced to 15 years in state prison. As stated above, public online records do not reflect whether he waived his right to appeal.

Because his allegations in this lawsuit implicate the validity of the criminal charges against him, *Heck* precludes Bell's claims until he can demonstrate that his conviction or sentence has been invalidated. *See Clarke v. Stalder*, 154 F.3d 186, 189-91 (5th Cir. 1998) (en banc). The Supreme Court has explained that, if a pretrial detainee files civil rights claims related to rulings that will likely be made in a pending criminal proceeding, the best practice is for the district court to stay the civil rights case until the pending criminal case is resolved. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *see Hopkins v. Ogg*, 783 F. App'x 350, 355 & n.20 (5th Cir. 2019) (citing *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995)). The Court therefore will stay and administratively close this case until the criminal proceedings against Bell in in Case No. 25-02-02124, including any future appeal, are resolved. If Bell's recent conviction is not invalidated, *Heck* will require dismissal of any claims in this lawsuit that would imply the invalidity of his conviction until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met"). If his conviction is invalidated, this lawsuit may proceed, absent some other bar to suit. *See Wallace*, 549 U.S. at 394.

If Bell seeks to proceed with this suit after the criminal proceedings (including appeals) have concluded, he is instructed to file a motion to reinstate this case **within 30**

**days** of the state court judgment.  Failure to file a timely motion to reinstate could waive Bell's opportunity to proceed with this civil action.

## IV.    CONCLUSION

For the reasons stated above the Court **ORDERS** that:

1.    This civil action is **STAYED** and **ADMINISTRATIVELY CLOSED** until the Court enters an order lifting the stay.

2.    All pending motions, if any, are **DENIED** as moot.

3.    Within 30 days after judgment is entered in the criminal proceedings against him, Bell may file a motion to reinstate this case.  If Bell fails to a motion to reinstate within 30 days of the state court judgment, he may waive his opportunity to proceed with this lawsuit.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____November 24_____, 2025.


_____George C. Hanks Jr_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE